WELCH, J.,
dissenting.
|¶1 respectfully disagree with the majority opinion in this case. The WCJ made a factual finding that there was a causal connection between the original work-related accident and the injury to Ms. Carmena’s left knee. Although Dr. Rodriguez did not relate the accident to her left knee injury, causation is not necessarily and exclusively a medical conclusion, but rather, it is an ultimate fact to be determined by the fact finder based on all credible evidence. Champagne v. Roclan Systems, Inc., 2006-1928 (La.App. 1st Cir. 2/20/08), 984 So.2d 808, 814; see also Buxton v. Iowa Police Dept., 2009-0520 (La.10/20/09), 23 So.3d 275, 287. Furthermore, after weighing and evaluation all of the evidence, the WCJ is free to accept or reject in whole or in part the testimony of *544 any witness, including the opinions expressed by an expert. LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La.App. 1st Cir. 6/28/96), 676 So.2d 1157, 1161.
Dr. Rodriguez testified with regard to Ms. Carmena’s surgery on her right knee, that the recovery period was approximately one year, that she would be weight bearing on that knee only with crutches for the first three months, and that she would bear more weight on her left side during that recovery period. Dr. Rodriguez acknowledged that Ms. Carmena had degenerative problems in her left knee and had no history of trauma to that knee. While Dr. Rodriguez acknowledged that overeompensation from an injury on one side of the body may generally lead to problems on the other side, he provided no explanation for why this was not the case with Ms. Carmena’s left knee. Based on the absence of an 12explanation, the WCJ was well within its discretion to reject Dr. Rodriguez’s opinion on causation and make its own factual finding based on the evidence in the record. Therefore, I would affirm the judgment of the WCJ. Thus, I respectfully dissent.